UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JONATHAN OLIVER, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. 1:21-cv-00228-LEW |
| ) | |
| ARIZONA STATE UNIVERSITY et al., ) | |
| ) | |
| Defendant ) | |

### RECOMMENDED DISMISSAL OF CASE

On August 12, 2021, I denied *pro se* plaintiff Jonathan Oliver's motion for leave to proceed *in forma pauperis* (IFP), directing that, no later than September 2, 2021, he either file a properly completed IFP application or pay this court's civil filing fee ($402). *See* ECF Nos. 4-5. He did not do so by that deadline; nor has he done so since the deadline elapsed. Accordingly, I recommend that the court dismiss his complaint without prejudice for lack of prosecution.

### I. Background

The plaintiff filed the instant suit on August 11, 2021, seeking damages for the alleged refusal of Arizona State University to transfer courses toward an online master's degree program in which he had enrolled. *See* Complaint for a Civil Case ("Complaint") (ECF No. 1). At that time, he also filed a motion to proceed IFP. *See* Motion for Leave to Proceed *in Forma Pauperis* (ECF No. 2). By order dated August 12, 2021, I denied the IFP application without prejudice on the showing made, noting that the plaintiff had provided no information to support his request. *See* ECF No. 4. I directed that the Clerk's Office mail the plaintiff a copy of this court's Application to Proceed in District Court without Prepaying or Costs (Short Form) ("IFP Form"), *see id.*, and ordered that, by September 2, 2021, the plaintiff either pay the court's filing fee or file

a properly completed form motion for leave to proceed IFP, *see* ECF No. 5. A private entry on the CM/ECF docket reflects that, on August 12, 2021, copies of both my order and the IFP Form were mailed to the plaintiff at the address he had provided. The plaintiff did not file a new IFP motion or pay this court's filing fee by September 2, 2021; nor has he done so since the deadline elapsed.

## II. Discussion

"A district court's inherent powers to sanction parties for litigation abuses include the power to act *sua sponte* to dismiss a suit for failure to prosecute." *Diaz-Santos v. Dep't of Educ. of Commonwealth of P.R.*, 108 Fed. Appx. 638, 640 (1st Cir. 2004). In addition, Federal Rule of Civil Procedure 41(b) provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Although Rule 41(b) refers only to dismissal on a motion made by a defendant, district courts may also *sua sponte* dismiss a complaint under Rule 41(b) for failure to comply with a court order." *Unitronics (1989) (R"G) Ltd. v. Gharb*, 85 F. Supp.3d 118, 126 (D.D.C. 2015).

The plaintiff's failure to file a new IFP application or pay this court's filing fee by the deadline of September 2, 2021, warrants the dismissal of his action. *See, e.g., United States v. Edmunds*, Case No. 15-cv-2705 (JRT/TNL), 2016 WL 7670605, at *5 (D. Minn. Dec. 6, 2016) (rec. dec., *aff'd* Jan. 10, 2017) ("[W]hile pro se litigants are accorded a certain degree of latitude, Defendant's pro se status does not excuse him from complying with this Court's orders as well as the Federal Rules of Civil Procedure and the Court's Local Rules.").

Although dismissal is appropriate, a separate issue remains as to whether the dismissal should be with prejudice. Unless the court directs otherwise, a dismissal for failure to prosecute "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). As a general rule, however,

dismissal of an action with prejudice is a sanction reserved for the most extreme misconduct. *See, e.g.*, *Vázquez-Rijos v. Anhang*, 654 F.3d 122, 127-28 (1st Cir. 2011). For example, "[d]ismissal with prejudice for failure to prosecute is appropriate in the face of extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance." *Pomales v. Celulares Telefónica, Inc.*, 342 F.3d 44, 48 (1st Cir. 2003) (citations and internal quotation marks omitted). "[W]here the case is close, courts should prefer less severe sanctions that preserve the possibility of disposition on the merits." *Id.*

A dismissal with prejudice is inappropriate here: the *pro se* plaintiff failed to obey one court order directing him to file a new IFP application or pay this court's filing fee. Accordingly, I recommend that the case be **DISMISSED** without prejudice.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 12th day of September, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge